```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE


GARY D. PIERCE,                    :
                                   :
        Petitioner,                :
                                   :
v.                                 :   Civil Action No. 09-471-JJF
                                   :
PERRY PHELPS, Warden, and          :
ATTORNEY GENERAL OF THE            :
STATE OF DELAWARE,                 :
                                   :
        Respondents.               :
```

---

Gary D. Pierce.  <u>Pro</u> <u>Se</u> Petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

### **MEMORANDUM OPINION**

July 13, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Gary D. Pierce ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244, and therefore, the Petition will be dismissed.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In November 2005, a Delaware Superior Court jury convicted Petitioner of two counts of first degree rape, two counts of attempted first degree rape, and theft. (D.I. 15, Del. Super. Ct. Crim. Dkt. 0407019516, Doc. No. 4.) On January 1, 2006, the Superior Court sentenced Petitioner to eighty-one years of imprisonment, suspended after eighty years for a period of probation. Id. at Doc. No. 74. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on November 8, 2006. Pierce v. State, 911 A.2d 793 (Del. 2006).

On October 16, 2007, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting three ineffective assistance of counsel claims. The Delaware Superior Court summarily denied the Rule 61 motion on February 4, 2008. State v. Pierce, 2008 WL 282278 (Del. Super. Ct. Feb. 4, 2008). Petitioner appealed, and the Delaware Supreme Court remanded the case back to the Superior Court for consideration of three claims

Petitioner raised in an October 31, 2007 amendment to his Rule 61 motion. See Pierce v. State, 966 A.2d 348 (Table), 2009 WL 189150, at *1 n.1 (Del. Jan. 16, 2009). After considering Petitioner's additional arguments on remand, the Superior Court summarily denied the Rule 61 motion on July 30, 2008. State v. Pierce, 2008 WL 2943387 (Del. Super. Ct. July 30, 2008). The Delaware Supreme Court affirmed the Superior Court's decision on January 16, 2009. Pierce, 2009 WL 189150 (Del. Jan. 16, 2009).

## II. DISCUSSION

In his Section 2254 Petition, Petitioner asserts three claims of ineffective assistance of counsel and one claim that Petitioner's speedy trial rights were violated. (D.I. 2.) Respondents filed an Answer requesting the Court to dismiss the Petition as untimely. (D.I. 11.)

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition, dated 2009, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. The Court cannot discern any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on November 8, 2006, and Petitioner did not seek certiorari review in the United States Supreme Court. As a result, Petitioner's convictions became final on February 6, 2007. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999) (holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90-day period for seeking review in the Supreme Court). Applying the one-year limitations period to that date, Petitioner had

3

until February 6, 2008, to timely file his Petition. <u>Wilson v. Beard</u>, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant Petition until June 25, 2009, more than one year after the expiration of the AEDPA's limitations period. <u>See</u> <u>Longenette v. Krusing</u>, 322 F.3d 758, 761 (3d Cir. 2003)(pursuant to the prison mailbox rule, the date on which a prisoner transmitted documents to prison authorities is considered the actual filing date). Accordingly, the Court concludes that the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. <u>See</u> <u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to Section 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Swartz v. Meyers</u>, 204 F.3d 417, 424-25 (3d Cir. 2000); <u>Price v. Taylor</u>, 2002 WL 31107363, at *2 (D.

4

Del. Sept. 23, 2002) (explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). In this case, Petitioner's properly filed Rule 61 motion[1] tolled the limitations period from October 16, 2007 through January 16, 2009, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. When Petitioner filed his Rule 61 motion on October 16, 2007, 252 days of the AEDPA's limitations period had already lapsed. As a result, Petitioner had only 113 days left to comply with the AEDPA's one-year limitations period when the limitations clock started running again on January 17, 2009. The record reveals that the limitations period ran without interruption from January 17, 2009, until it expired on May 11, 2009. Therefore, the Court concludes that the June 25, 2009, Petition is time-barred, unless equitable tolling applies.

### C. Equitable Tolling

---

[1] The record reveals that Petitioner filed a "Motion to Expand" in the Delaware Superior Court on August 29, 2007, requesting permission to expand his post-conviction motion beyond 42 pages. (D.I. 15, Del. Super. Ct. Crim. Dkt. Doc. No. 92.) The Superior Court rejected the Motion to Expand on two separate occasions for being non-compliant with the provisions of Rule 61. Id. Doc. Nos. 93-94. Therefore, the Court concludes that the Motion to Expand does not trigger statutory tolling under § 2244(d)(2). See Field v. Phelps, 572 F. Supp. 2d 485 (D. Del. 2008)(non-compliant Rule 61 motions do not trigger statutory tolling because they do not constitute properly filed applications for post-conviction review under § 2244(d)(2)).

5

The AEDPA's limitations period is subject to equitable tolling in "appropriate cases." Holland v. Florida, - S. Ct. -, 2010 WL 2346549 (June 14, 2010). However, a petitioner is "entitled to equitable tolling only if he shows (1)that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way" and prevented timely filing. Id. at *12. Mere excusable neglect is insufficient. Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of the AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. To the extent Petitioner's untimely filing may be the result of a mistake in his computation of the AEDPA's limitations period, the Court concludes that any such mistake does not trigger equitable

6

tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005) (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court concludes that equitable tolling principles do not apply to extend the AEDPA's limitations period, and therefore, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to

issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**IV.  CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be dismissed and the relief requested therein will be denied. (D.I. 2.)

An appropriate Order will be entered.